UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DENNIS RAY FRICK, JR.,

        Plaintiff,                        Case No. 2:12-cv-265

v.                                         Honorable Gordon J. Quist

JEFFREY STIEVE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Jeffrey Stieve, Richard Hallworth, Linda Tribley, Vicki Aho, Patricia Lamb, J. Schad, Richard Russell and T. Hamel. The Court will serve the complaint against Defendants Unknown Dye, Dale Asche, Harriet Squire and Janet Wilbanks.

## Discussion

    I.    Factual allegations

Plaintiff presently is incarcerated at the Marquette Branch Prison but complains of events that occurred at the Ojibway Correctional Facility (OCF). In his *pro se* complaint, he sues

Michigan Department of Corrections (MDOC) Chief Medical Officer Jeffrey Stieve, Chief Executive Officer of Prison Health Services, Inc., Richard Hallworth, and the following OCF employees: Warden Linda Tribley, Health Unit Manager Janet Wilbanks, Nurse Staff Supervisor Vicki Aho, Dr. Unknown Dye, Dr. Harriet Squire, Nurse and Grievance Coordinator Patricia Lamb, Bureau of Health Services J. Schad, Grievance Manager Richard Russell, Grievance Coordinator T. Hamel and Dr. Dale Asche.

Plaintiff alleges that he has been denied his Eighth Amendment right to medical care, as follows (verbatim):

> I was diagnosed with Polycystic Kidney Disease by a Ultrasound on July 13, 2010. My health slowly got worse and I requested to see a Nephrologist throught a letter to Ms. Janet Wilbanks. ON August 12, 2011 I was was seen by Dr. Dye and she request a noncontrast head CT scan and for me to see a Vascular Surgean for a AV fistula placement. On September 16, 2011 I was seen by Dr Dale E. Asche and was told both reqrutes were denied. On October 14, 2011 I seen by Dye again and asked for a request for me to see a Vascular Surgeon again. I was told again that the request has been denied again. Janet Wilbanks is Health Unit Manger at Ojibway. She was there with my frist meeting with Dr. Dye and seen over my requests. Also she signed off on my Step I Grievance. Vicki Aho is nurse staff supervisor and she signed off on my Step I Grievance. Dr. Dale E. Asche MD was the doctor I seen on a everyday thing and but the requests in. Linda Tribley is the Warden at Ojibway and she answered my letters about my medical issues. Dr. Dye was the Nephrologist i seen and she requested the CT scan and Vascular Surgeon. Harriet Squier MD, she denied the requests for Ct scan and Vascular Surgeon. T. Hamel reviewed my Step I Grievance at Ojibway. Patricia Lamb RN, BSN reviewed my Step II grievance and responeded. J. Schard Bureau of Health Care Services and Richard D. Russell Manger. Grievance Section Office of Legal Affairs. They both answer and reveiwed my Step III grievance. Jeffrey Stieve MDOC Chief Medical Officer.

(Compl., docket #1, Page ID#3.)

   II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Stieve, Hallworth and Tribley in his complaint. Moreover, Plaintiff only asserts that Defendants Aho, Lamb, Schad, Russell and Hamel wrongly denied his grievances. Government officials may not be

held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 566 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Further, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 566 U.S. at 676. Plaintiff has failed to allege that Defendants Stieve, Hallworth, Tribley, Aho, Lamb, Schad, Russell and Hamel engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

  **B. Due Process**

  To the extent Plaintiff contends that Defendants Aho, Lamb, Schad, Russell and Hamel violated his right to due process by denying his grievances, he fails to state a claim. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th

Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants Aho, Lamb, Schad, Russell and Hamel's conduct did not deprive him of due process.

### C. Eighth Amendment

Plaintiff contends that Defendants Dye, Asche, Squire and Wilbanks violated his Eighth Amendment rights by failing to provide him with adequate medical care for his kidney disease. The Court concludes that Plaintiff's allegations against Dye, Asche, Squire and Wilbanks are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Stieve, Hallworth, Tribley, Aho, Lamb, Schad, Russell and Hamel will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Dye, Asche, Squire and Wilbanks.

An Order consistent with this Opinion will be entered.


Dated: August 13, 2012            /s/ Gordon J. Quist
                                 GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE